## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO.:**_____

==============================  :

**SANDY BERAM,**                :
                                :
    **Plaintiff,**        :
                                :
    **v.**               :
                                :
**CEACO, INC., a Massachusetts**  :
**domestic for-profit corporation, d/b/a**  :
**Brainwright, as a division, and as**  :
**successor-in-interest to Ceaco Co, a**  :
**Massachusetts Business Trust, and as**  :
**successor-in-interest to Ceaco, LLC, a**  :
**Massachusetts limited liability company,**  :
**and as successor-in-interest to Ceaco,**  :
**Inc. a/k/a Ceaco Gamewright, Inc.,**  :
**A Massachusetts domestic for-**  :
**profit corporation,**          :
**CAROL J. GLAZER, and**         :
**CYNTHIA A. BASQUE,**           :
                                :
    **Defendants.**       :
                                :
==============================  :

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.    The Plaintiff, Sandy Beram (hereinafter the "Plaintiff" or "Mrs. Beram"), respectfully submits this Complaint and Demand for Jury Trial (hereinafter the "Complaint"). The Plaintiff's allegations are asserted against the Defendants, as follows: a) Ceaco, Inc., a Massachusetts domestic for-profit corporation organized on or about December 22, 2011 and doing-business-as (hereinafter "d/b/a") "Brainwright," as a division of the Defendant, and as successor-in-interest to Ceaco Co, a Massachusetts Business Trust, organized by a Declaration of

Trust on or about May 4, 2000, and as successor-in-interest to Ceaco, LLC, a Massachusetts limited liability company, organized on or about September 16, 2004, and as successor-in-interest to Ceaco, Inc. a/k/a Ceaco Gamewright, Inc., a Massachusetts domestic for-profit corporation organized on or about May 13, 1987 (collectively hereinafter as "Ceaco" or the "Defendant"), b) Carol J. Glazer (hereinafter "Glazer"), and c) Cynthia A. Basque (hereinafter "Basque") (collectively hereinafter the "Defendants"), for damages, accounting, equitable and declaratory relief resulting from the Defendants' breaches, actions, omissions, policies, procedures, practices, and/or courses of conduct, such being violations of:

a)    copyright infringement, as violations of the Copyright Act of 1976, *as amended*, 17 U.S.C. §§ 101, *et seq., as amended;*

b)    trademark infringement and unfair competition, as violations of the Lanham (Trademark) Act, *as amended*, 15 U.S.C. §§ 1125, *et seq., as amended;*

c)    breach of contract;

d)    breach of the covenant of good faith and fair dealing;

e)    breach of oral contract / promissory estoppel / detrimental reliance;

f)    unjust enrichment;

g)    conversion;

h)    misappropriation;

i)    fraud and deceit;

j)    negligent misrepresentation;

k)    fraudulent transfer / fraudulent conveyance, under the Uniform Fraudulent Transfer Act, *as amended,* M.G.L. c.109A, §§ 5, *et seq., as amended;*

l)      unfair and deceptive trade practices, and unfair competition, as violations of the Massachusetts Consumer Protection Act, *as amended,* M.G.L. c. 93A, §§ 2 & 11, *as amended*;

m)      civil conspiracy; and/or

n)      accounting.

2.      The Plaintiff further alleges that, as a result and as caused by the Defendants' misappropriation, conversion, conspiracy, fraudulent concealment, and breaches, actions, omissions, policies, procedures, practices, and/or courses of conduct, the Plaintiff has suffered irreparable harm, requiring equitable and declaratory relief, together with damages of not less than One Million ($1,000,000.00) Dollars (U.S.), plus punitive damages of not less than Three Million ($3,000,000.00) Dollars (U.S.), together with late fees, accrued interest, costs and reasonable attorneys' fees.

3.      The Plaintiff respectfully requests that her action proceed to a trial by jury, that a judgment be entered on all Counts against the Defendants, jointly and severally, and that, in accordance with the underlying contract, the Defendants be ordered to provide an accounting consistent with "generally accepted accounting principles," or "GAAP," by a nationally recognized "Big Four" public accounting firm[1] at the Defendants' sole cost and expense. Furthermore, the Plaintiff respectfully requests that she be awarded her unpaid royalties, compensatory damages and losses, costs, interest, multiple and/or punitive damages, reasonable attorneys' fees, and any such other relief as this Honorable Court deems just and appropriate.

---

[1] As referenced herein and as generally recognized in industry, the "Big Four" public accounting firms are Deloitte LLP, PwC LLP a/k/a "PricewaterhouseCoopers," EY LLP a/k/a "Ernst & Young," and KPMG LLP.

## II. **PARTIES**

4.      The Plaintiff, Sandy Beram, is an adult and a resident of Yonkers, in the State of New York.  The Plaintiff is an author and an inventor of puzzles, puzzle products and other games, and entered into a contract with Defendants Ceaco and Glazer.

5.      Upon information and belief, the Defendant, Ceaco, Inc. (ID Number 001067794) (hereinafter "Ceaco, Inc. No. 2"), is a Massachusetts domestic for-profit corporation and was organized on or about December 22, 2011. With a division known as "Brainwright," Defendant Ceaco, Inc. No. 2 has a principal place of business located at 70 Bridge Street, Suite 200, Newton, Middlesex County, Massachusetts 02458, and is, and/or was, at all relevant times, doing business in the State of New York. By a merger on or about December 31, 2011 and upon information and belief, the Defendant is the successor-in-interest to Ceaco Co (ID Number 043515831) (hereinafter "Ceaco Co"), a Massachusetts Business Trust, organized on or about May 4, 2000 by a Declaration of Trust. Upon information and belief, the Defendant is also the successor-in-interest to Ceaco, Inc. a/k/a Ceaco Gamewright, Inc. (ID Number 042964849) (hereinafter "Ceaco, Inc. No. 1"), a Massachusetts domestic for-profit corporation organized on or about May 13, 1987, which merged into Ceaco Co on or about September 16, 2004.  Upon information and belief, the Defendant is also the successor-in-interest to Ceaco, LLC (ID Number 201625167) (hereinafter "Ceaco LLC"), a Massachusetts limited liability company organized on or about September 16, 2004. Upon information and belief, Defendant Ceaco is, and/or was, doing business, at all relevant times, in the Commonwealth of Massachusetts.

6.      Upon information and belief, the Defendant, Carol J. Glazer, is an adult and resides at 776 Boylston Street, Unit No. E11-C, Boston, Suffolk County, Massachusetts 02199. Upon information and belief, Glazer is, and/or was, at all relevant times, a) President, Director,

Treasurer, Secretary, and principal of Defendant Ceaco, Inc. No. 2; b) Trustee and beneficiary of

Ceaco Co; c) Manager, authorized signatory, and member of Ceaco LLC; and d) President,

Director, Treasurer, and principal of Defendant Ceaco, Inc. No. 1.   Furthermore, upon

information and belief, Defendant Glazer is, and/or was, the Trustee and beneficiary of the Carol

J. Glazer Revocable Trust of 1998 (hereinafter the "Glazer Trust"). Upon information and belief,

Defendant Glazer is, and/or was, doing business, at all relevant times, in the Commonwealth of

Massachusetts.

7.      Upon information and belief, the Defendant, Cynthia A. Basque, is an adult and

resides at 65 Edgewater Drive, Waltham, Middlesex County, Massachusetts 02453. Upon

information and belief, Basque is, and/or was, at all relevant times, a) the Chief Financial Officer

(hereinafter "CFO") of Defendant Ceaco, Inc. No. 2; and b) authorized signatory of Ceaco LLC.

Furthermore, upon information and belief, Defendant Basque is, and/or was, at all relevant times,

the "attorney in fact" of the Glazer Trust. Upon information and belief, Defendant Basque is,

and/or was, doing business, at all relevant times, in the Commonwealth of Massachusetts, the

State of New York, the United States and internationally.

### III. JURISDICTION, VENUE AND TOLLING

8.      The Plaintiff asserts that this Honorable Court has original jurisdiction over this

action under 28 U.S.C. § 1331 in that the controversy arises under laws of the United States.

9.      The Plaintiff also asserts that this Court has subject matter jurisdiction in that this

is an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq., as amended*, with

jurisdiction being conferred in accordance with 28 U.S.C. § 1338(a), and under the Lanham Act,

15 U.S.C. §§ 1051–1127, *as amended*, with jurisdiction being conferred in accordance with 15

U.S.C. § 1121 and 28 U.S.C. § 1338(a).

10.     Pursuant to 28 U.S.C. § 1332, the Plaintiff further asserts that this Court has also jurisdiction over the instant action in that there exists complete diversity between and among the Parties and the amount in controversy exceeds $75,000.00.

11.     Pursuant to 28 U.S.C. § 1367, this Court has ancillary, pendent, and supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under federal law.

12.     The Plaintiff further contends that, pursuant to 28 U.S.C. § 1391(b), venue is proper in the District of Massachusetts in that such District is where a substantial part of the events or omissions giving rise to the claim occurred, where a substantial part of property that is the subject of the action is situated, and is the District in which the Defendants reside, are duly organized and/or are citizens, and/or is, and/or was, the location of their principal place of business.

13.     For each of the Counts, as alleged herein, the Plaintiff contends that she is within the applicable statute of limitations in that the Plaintiff did not know, nor could have known, of this cause of action prior to the immediate time preceding the filing herein.  The Defendants have fraudulently concealed, have been fraudulently concealing, and have continued to fraudulently conceal, their acts, practices, omissions and courses of conduct, including but not limited to all matters relating to the Puzzle Creations, the Plaintiff and the business activities, operations and finances of Defendant Ceaco, and their malfeasance and nonfeasance related thereto.  As a result thereof, any and all applicable statutes of limitations have been tolled pursuant to M.G.L., c. 260, § 12, *as amended.*

## IV. <u>FACTUAL BACKGROUND</u>

14.     The Plaintiff, Sandy Beram, is a developer and inventor of various lines of highly successful puzzles and puzzle products which, for decades, have sold throughout the United States and abroad.  For years, the Plaintiff has been recognized in the toy and puzzle industry for her puzzles, puzzle products and games, which are noted for innovation and overall quality.

15.     In or about 1990's, Mrs. Beram introduced her puzzle known as "Puzzlestix" or "Puzzle Stix" (collectively hereinafter "Puzzlestix"), for entry into the United States toy and puzzle market. Puzzlestix is a unique puzzle game, with facets, features and elements that are, and were, an important contributing factor to the enjoyment experienced by any player.  The puzzle pieces interface with other elements of the game to provide a unique and proprietary player experience. The Plaintiff researched, designed and implemented this innovative puzzle design through the great personal time and effort.

16.     In developing Puzzlestix, the Plaintiff sought to overcome facets and interface challenges unique to puzzle games. Specifically, Mrs. Beram set out to create a compelling and satisfying puzzle game experience through the design and facets of her puzzle products for the customers of her licensees.

17.     Over the years, Defendants Ceaco and Glazer reviewed and considered numerous games and "puzzle concepts" of the Plaintiff, including but not limited to: a) Refrigerator Magnet Puzzle; b) Tino Dinos Spy Glass Puzzle; c) Puzzle Add-ons; d) Shape-It-Up 1-2-3; e) Size-It-Up 1-2-3; f) Sketch-Along; g) Sniff-Along; h) Travel Puzzle Tiles; i) 3-D View-Along; j) Touch-Along; k) Glow-Along; l) Match-Along Puzzle-By-Number; m) Letter Hunt Puzzle; n) Day and Night Puzzle with Tray; o) "Most Wanted" Card Game; p) Variation: Sherlock Hemlock's Missing Persons; q) "Come To Order" Card Game; r) Magic Music Jigsaw Puzzle; s)

Famous Faces Jigsaw Puzzle; t) Funhouse Jigsaw Puzzle; u) Right on Target Jigsaw Puzzle; v) Word-Up Jigsaw Puzzle; w) Connect-A-Score Jigsaw Puzzle; x) Brain Teaser Jigsaw Puzzle; y) Double-Edged Puzzle; z) Rearrangements; aa) Kaleidovisions; bb) Magic Mirror; cc) Tangram Puzzle; dd) Tangram Tiles; ee) Just-Right Jigsaws; ff) Reflections; gg) Windows on the World; hh) Bottoms-Up; ii) Secret Door Puzzle; jj) Mad Scramble; kk) Hit or Miss; ll) Fiddle with Riddles; mm) Clue Me In; nn) Looks-Alike; oo) Sounds-Alike; pp) Moves-Alike; qq) Scout and Shout; rr) Rhyme-Time; ss) Opposites Attract; tt) Most Wanted; uu) King of the Sea; vv) Come to Order; and ww) Search for Super Stuff. The Plaintiff's games, puzzles and puzzle products were, and have been, extraordinarily popular and which popularity has been due, in part, to the phenomenal and innovative quality of the Mrs. Beram's creativity. The enormous success of the Plaintiff's puzzles and puzzle products represented, and continue to represent, valuable goodwill which, under the Contract, is owned by the Plaintiff.

18.     In or about November 1993, Defendants Ceaco and Glazer and Mrs. Beram entered into a contract, which thereafter included a series of subsequent amendments, for "puzzle concepts and other items" (hereinafter the "Contract").   A copy of certain portions of the Contract, with certain Schedules and/or amendments, are attached, restated and incorporated by reference herein as **Exhibit A**. Under such Contract, the Plaintiff granted Defendant Ceaco and Glazer a license "to manufacture and sell" the puzzles and puzzle products, "created in any medium and sold for any use," in "any manner," on a worldwide basis. Pursuant to the Contract, "all copyright, patent, trademark" rights, in the "manufacture, sale or use of any [Product]," remained as "sole and exclusive property" of the Plaintiff.

19.     Pursuant to the Contract, Defendants Ceaco and Glazer had a duty and obligation "to secure in the name of Sandy Beram" and on her behalf, "all copyright, patent, trademark …

or the like, applications and registrations, to be used in the manufacture, sale or use of any [Product], and the same shall be Sandy Beram's sole and exclusive property."

20.     As manufactured, marketed, distributed and sold by Defendants Ceaco and Glazer, the Plaintiff's puzzles and puzzle products were required to have a "conspicuous legend" (hereinafter the "Legend"), which detailed that such puzzle and/or puzzle product was "A Sandy Beram Creation," "in form, style and placement reasonably satisfactory to" Mrs. Beram. The Legend was required to appear on the "front or side of the packaging for each item," and that "a comparable legend" was required to "appear on or in connection with each subsidiary rights or derivative products."

21.     The Contract was subsequently amended, with Schedules, and included other innovation and novel puzzles, puzzle products and other creations of the Plaintiff (collectively, with Puzzlestix, hereinafter the "Products," the "Puzzle Creations," or the "Creations"), including but not limited to the following:

     a)     AlphaSearch;

     b)     Fish Stix;

     c)     Fuzzy Grip;

     d)     Fuzzy Grip Feltboard Assortment;

     e)     Made Easy;

     f)     Buzzlewicks Made Easy;

     g)     Keith Haring Made Easy;

     h)     Mystery Match;

     i)     Puppet Puzzle;

     j)     PuzzleStix;

     k)     Thomas Kinkade Stix;

     l)     Search For Small Stuff;

     m)     100 PC Puzzles Search for Small Stuff Assortment; and

     n)     Wordamajig.

22.     Under the Contract for each Puzzle Creation, the Plaintiff granted Defendants Ceaco and Glazer a license "to manufacture and sell" the Products, "created in any medium and sold for any use," in "any manner," on a worldwide basis. The Defendants had a duty and obligation "to secure," in the Plaintiff's name, "all copyright, patent, trademark … or the like, applications and registrations, to be used in the manufacture, sale or use of any" such Creation. All intellectual property rights, including copyrights and trademarks, remained as "Sandy Beram's sole and exclusive property."  Defendants Ceaco and Glazer were similarly required to place the Legend on the front or side of each package for each Creation, which also was to "appear on or in connection with each subsidiary rights or derivative products."

23.     Pursuant to Section 3 and together with each respective Schedule I thereto, the Contract provided for minimum annual royalties (hereinafter the "Minimum Royalty Payments," the "Royalty Payments," or the "Payments") for each of the Puzzle Creations, which totaled tens of thousands of dollars annually

24.     Pursuant to Section 3(a) of the Contract, Defendants Ceaco and Glazer agreed to pay the Minimum Royalty Payments to Mrs. Beram "within thirty days following the end of each calendar quarter, such quarters ending March 31, June 30, September 30 and December 31."

25.     Pursuant to Section 3(c) of the Contract, Defendants Ceaco and Glazer agreed that "interest … [would] accrue on all past due, and underpayment of Royalty Payments and other amounts payable … from their respective due dates until paid at the 'Default Rate' and shall be payable upon demand."

26.     Pursuant to Section 3(c) of the Contract, Defendants Ceaco and Glazer agreed that "[a]s used in … [the Contract], the term Default Rate [was to] … mean [the interest rate] on any date of determination [to be] the lesser of (i) the sum of (x) 5% plus (y) the prime rate (or

comparable rate) announced, from time to time, by Citibank, N.A., and (ii) the highest rate permitted by applicable law."

27.     Pursuant to Section 4 of the Contract, Defendants Ceaco and Glazer agreed to keep "true, accurate and sufficiently detailed books of account and records in accordance with generally accepted accounting principles, consistently applied, covering all transactions" relating to the Puzzle Creations and the business dealings with the Plaintiff.

28.     Pursuant to Section 5 of the Contract, Defendants Ceaco and Glazer agreed to submit reports (hereinafter the "Reports") and accountings, after the end of each calendar quarter during the term of the Contract, which "indicat[ed] … the computation of Royalty Payments and other payment for such quarter." Such Reports were, and are, required to be "accompanied by a statement" of the Defendants' "responsible and authorized executive officer" which "certif[ied] …" that such officer "reviewed" the Reports and "determined" them to be "true, correct and complete as of such dates."

29.     Pursuant to Section 16 of the Contract, Defendants Ceaco and Glazer and Mrs. Beram agreed that the Contract would "remain in full force and effect from the date … [of execution] until the date one hundred years following the death of Sandy Beram, unless earlier terminated…."

30.     Pursuant to Section 16(a) of the Contract, Defendants Ceaco and Glazer agreed to deliver a notice of "any breach of any term or provision of" the Contract by Mrs. Beram (hereinafter a "Default Notice"), and Section 17(a) of the Contract provided for delivery of such Notices to both parties.

31.     Pursuant to Section 17(i) of the Contract, "in the event either party … institutes an action or proceeding to enforce or interpret any rights … [under the Contract], the prevailing

party may … be entitled … to reasonable attorneys' fees and expenses," which "include[ed] … reasonable attorneys' fees and expenses on appeal."

32.     Pursuant to Section 17(k) of the Contract, Defendants Ceaco and Glazer agreed that the following Sections "shall survive the termination" of the Contract:  "Section 1.c (costs and expenses), Section 2 (advance), Section 3 (royalties and other payments), Section 4 (accounting and records), Sections 8 and 9 (representations) Section 10 and 11 (covenants), Section 12 (indemnification) and Sections 14 through 17."

33.     Mrs. Beram is alive and living in Yonkers, in the State of New York.

34.     In or about the 1990's and the 2000's, Defendants Ceaco and Glazer manufactured, marketed, distributed and sold the Puzzle Creations, on a worldwide basis, and placed the Legend, identifying Mrs. Beram as the inventor, on such Creations.

35.     In or about the 1990's and the 2000's, Defendants Ceaco and Glazer made certain royalty payments to the Plaintiff, but failed and refused to deliver Reports, statements and/or certifications.  The Defendants informed the Plaintiff that Glazer maintained "separate books and records" for the calculation of royalties for Mrs. Beram.  Upon information and belief, the Defendants never maintained books and records, whether "separate" or otherwise in accordance with generally accepted accounting principles, or GAAP.

36.     In or about the 2000's, the Defendants began to slowly reduce, and ultimately eliminate, the royalty payments to the Plaintiff.  Upon receiving inquiries from the Plaintiff, Glazer merely informed Mrs. Beram that sales of the Creations were being ended, without explanation.

37.     Thereafter, the Defendants failed to make Minimum Royalty Payments to the Plaintiff, in violation of the Contract. Defendants Ceaco and Glazer never delivered a Default

Notice, or any notice of termination, pursuant to Sections 16(a) and 17(a) of the Contract, to Mrs. Beram.  The Contract was also never automatically terminated pursuant to Section 16(c) of the Contract.

38.     Upon information and belief, in or about the 2000's, Defendant Basque became a "responsible and authorized executive officer" and became employed by Defendants Ceaco and Glazer as Chief Financial Officer, or CFO, of Ceaco.

39.     As CFO of Ceaco and as a "responsible and authorized executive officer," Defendant Basque became obligated, and continues to be obligated, under the Contract to keep "true, accurate and sufficiently detailed books of account and records in accordance with generally accepted accounting principles," or GAAP, "consistently applied, covering all transactions" relating to the Contract, the Minimum Royalty Payments, and all matters related to the Plaintiff's Creations.

40.     During the term of the Contract, Defendants Ceaco and Glazer, as a "responsible and authorized executive officer," were also obligated, and continue to be obligated, under the Contract to keep "true, accurate and sufficiently detailed books of account and records in accordance with generally accepted accounting principles," or GAAP, "consistently applied, covering all transactions" relating to the Contract, the Minimum Royalty Payments, and all matters related to the Plaintiff's Puzzle Creations.

41.     As Ceaco CFO, Defendant Basque became a "responsible and authorized executive officer" and became obligated, and continues to be obligated, pursuant to Section 5 of the Contract, to submit the Reports to the Plaintiff.

42. Defendants Ceaco and Glazer, as a "responsible and authorized executive officer," were also obligated, and continue to be obligated, pursuant to Section 5 and during the term of the Contract, to submit the Reports to the Plaintiff.

43. Upon being engaged by the Defendants as CFO, Defendant Basque became a "responsible and authorized executive officer" and became obligated, and continues to be obligated, under the Contract to provide "the computation of Royalty Payments and other payment[s]" with such Reports, as generated and delivered after the end of each calendar quarter, to the Plaintiff.

44. During the term of the Contract, Defendants Ceaco and Glazer, as a "responsible and authorized executive officer," were also obligated, and continue to be obligated, under the Contract to provide "the computation of Royalty Payments and other payment[s]" with such Reports, as generated and delivered after the end of each calendar quarter, to the Plaintiff.

45. When Defendant Basque became CFO and a "responsible and authorized executive officer," she became obligated, and continues to be obligated, under the Contract to provide a "statement," which "accompanied" each such Report and which "certifie[d]," to the Plaintiff, that Defendant Basque had "reviewed" such Reports and had "determined" the same to be "true, correct and complete as of such dates."

46. Defendants Ceaco and Glazer, as CEO and a "responsible and authorized executive officer," were also obligated, and continue to be obligated, under the Contract to provide a "statement," which "accompanied" each such Report and which "certifie[d]," to the Plaintiff, that Defendant Glazer had "reviewed" such Reports and had "determined" the same to be "true, correct and complete as of such dates."

47.     Since in or about 1994 and thereafter, Defendants Ceaco, Glazer and/or Basque have never submitted Reports, statements or certifications to Mrs. Beram with respect to any of the Creations, as required by Section 5 of the Contract.

48.     Since in or about 1994 and thereafter, Defendants Ceaco, Glazer and/or Basque never paid total royalties, as due and owing, on sales of the Puzzle Creations, and/or failed to pay Minimum Royalty Payments, together with late fees and/or accrued interest, to the Plaintiff, as required by the Contract.

49.     Upon information and belief, the Defendants have failed to maintain their books and records in accordance with "generally accepted accounting principles," or "GAAP," during the term of the Contract.

50.     The Defendants have failed to properly account to the Plaintiff, and have fraudulently concealed, the Defendants' books and records and other information which reflects, and has reflected, sales, royalties due and owing, Minimum Royalty Payments, late fees and/or accrued interest due and owing, and other matters relating to the Puzzle Creations and the Plaintiff, during the term of the Contract.

51.     As of the date hereof, the Contract remains in full force and effect between and among the Parties.

52.     Upon information and belief, the Plaintiff contends that the Defendants have organized, operated and/or utilized multiple entities, including not less than two (2) domestic Massachusetts for-profit corporations, one (1) Massachusetts Business Trust, and one (1) limited liability company, each identified as "Ceaco," together with a "division" identified as "Brainwright," in order to fraudulently conceal and/or fraudulently transfer and/or convey property, assets and/or liabilities between and among such entities and/or the Defendants.

-15-

53.     Upon information and belief, since at least between in or about 2011 and in or about 2015, the Defendants, and others, have been manufacturing, marketing, distributing and/or selling, and/or continuing to manufacture, market, distribute, and/or sell, "Puzzlestix" and/or other Puzzle Creations throughout the Commonwealth of Massachusetts, the State of New York, the United States, and internationally, in violation of the Contract.

54.     Upon information and belief, since at least between in or about 2011 and in or about 2015, the Defendants, and others, have been distributed and sold, and/or continue to distribute and sell, "Puzzlestix" and/or other Puzzle Creations, through nationally recognized retail chains and others, including but not limited to Barnes & Nobles, in the Commonwealth of Massachusetts, the State of New York, the United States, and internationally, in violation of the Contract.

55.     Upon information and belief, since at least between in or about 2011 and in or about 2015, the Defendants, and others, have placed a "legend" upon the packaging of "Puzzlestix," characterizing the "Concept" as being "by Manvel and Sarkis Simonyan," in violation of the Contract.

56.     Upon information and belief, since at least between in or about 2011 and in or about 2015, the Defendants and others have placed a "legend" that a "Patent [is] Pending" with respect to "Puzzlestix," in violation of the Contract.

57.     Upon information and belief, since at least between in or about 2011 and in or about 2015, the Defendants and others have engaged, and/or continue to engage, companies in the People's Republic of China for the manufacturing of "Puzzlestix" and/or other Puzzle Creations of the Plaintiff, in violation of the Contract.

58.     Upon information and belief, the Defendants have been engaged, and/or continue to be engaged, in the publication, manufacture, distribution, marketing, advertising and/or sale of a wide variety of puzzles and puzzle products, which infringe upon the Plaintiff's copyrights, trademarks, intellectual property and/or other rights in the Puzzle Creations, in violation of the Contract.

59.     Upon information and belief, the Defendants have been actively manufacturing, importing and distributing, and/or continue to be actively manufacturing, importing and distributing, for sale in interstate commerce, duplicates and copies of "Puzzlestix " and/or the Puzzle Creations, in the Commonwealth of Massachusetts, the State of New York, the United States and internationally, in violation of the Contract.

60.     Upon information and belief, the Defendants have been marketing, promoting and selling, and/or continue to be marketing, promoting and selling, duplicates and copies of "Puzzlestix" and/or the Puzzle Creations, through interstate commerce, by means of the Internet, retail outlets and/or through other distribution channels, in the Commonwealth of Massachusetts, the State of New York, the United States and internationally, in violation of the Contract.

61.     Upon information and belief, the Defendants have been manufacturing, selling and distributing, and/or continue to be manufacturing, selling and distributing, duplicates and copies of "Puzzlestix" and/or such Puzzle Creations, by falsely identifying and misrepresenting the nature, origin, sponsorship and authorship of such puzzles and puzzle products, which rights are exclusively owned by the Plaintiff, in violation of the Contract.

62.     The Plaintiff has never authorized the Defendants to make derivative or subsidiary works from, or otherwise use, her unique proprietary puzzles, puzzle products and/or the Puzzle Creations, in violation of the Contract.

63.     The Plaintiff has never authorized the Defendants to falsely identify and/or misrepresent that the "Concept" for the puzzles, puzzle products and/or the Puzzle Creations are the work of "Manvel and Sarkis Simonyan," and/or any alleged third-party inventors or creators, as compared to emanating from the works, copyrights, trademarks, and/or intellectual property of the Plaintiff, in violation of the Contract.

64.     The Defendants' unauthorized manufacture, marketing, sale, reproduction and distribution of Puzzlestix and/or the Puzzle Creations are the unauthorized use of the Plaintiff's copyrights and is, and was, an infringement of her copyrights.

65.     The Defendants' unauthorized manufacture, sale, reproduction and distribution of Puzzlestix and/or the Puzzle Creations are the unauthorized use of the Plaintiff's trademarks and is, and was, an infringement of her trademarks.

66.     Upon information and belief, the Defendants' infringing puzzles and puzzle products are, and/or were, advertised, promoted and/or sold in interstate commerce, in the Commonwealth of Massachusetts, the State of New York, the United States and internationally.

67.     Upon information and belief, the Defendants' infringing puzzles and puzzle products are, and/or were, advertised, promoted and sold to the same consumers or purchasers, and/or prospective customers or purchasers, as those customers and/or purchasers, past, present or prospective, of the Plaintiff's Puzzle Creations.

68.     The Defendants' conversion and misappropriation of the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property rights, as described above, represents a pattern and course of conduct seeking to trade upon the goodwill of the Plaintiff.

69.     Upon information and belief, Defendants Ceaco and Glazer, and/or others, knowingly and willfully duplicated and copied Puzzlestix and/or the Puzzle Creations in

violation of the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property rights.

70.     Upon information and belief, Defendants Ceaco and Glazer, and/or others, knowingly and willfully duplicated and copied Puzzlestix and the Puzzle Creations, in violation of the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property rights.

71.     Upon information and belief, the Defendants' infringement of the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property rights is, and was, likely to cause confusion, or to cause mistake, or to deceive others as to the affiliation, connection and/or association of the puzzles and puzzle products with the Plaintiff's products, or as to the origin, authorship, sponsorship or approval of such puzzles and puzzle products.

72.     Upon information and belief, customers and purchasers of Puzzlestix and/or the Puzzle Creations, past, present and/or prospective, are likely, and were likely, to believe that the high-quality games, as manufactured, sold and/or distributed by the Defendants and others, are sponsored, approved or otherwise legitimately connected with the Plaintiff.

73.     The Defendants' infringement of the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property rights constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act and the trademark laws of the United States (15 U.S.C. § 1125(a)), *as amended*.

74.     The Defendants' infringement and illegal use, publication, distribution and/or sale of the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property rights constitute unfair and deceptive trade practices, in violation of M.G.L. c.93A, §§ 2 & 11, *as amended*.

75.     The Defendants' infringement and illegal use, publication, distribution and/or sale of the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property rights constitute acts of unfair competition, in violation of M.G.L. c.93A, §§ 2 & 11, *as amended*.

76.     The Defendants' aforesaid acts have caused, and are causing, irreparable damage to the Plaintiff and will continue to irreparably damage Mrs. Beram, unless restrained by this Court, rendering the Plaintiff without an adequate remedy at law.

77.     Pursuant to the Contract, the Defendants must provide an accounting for, consistent with "generally accepted accounting principles," or "GAAP," for royalty payments and/or Minimum Royalty Payments, plus accrued interest and late fees, which are past due and owing, for each of the Puzzle Creations.

78.     Pursuant to the Contract, the Defendants have failed to pay, and refuse to pay, royalties and/or Minimum Royalty Payments, plus accrued interest and late fees, which are due and owing, for each of the Puzzle Creations, which royalties, late fees and accrued interest, which total over One Million  ($1,000,000.00) Dollars (U.S.).

79.     Pursuant to the Contract, the Defendants must be enjoined and ordered to account, and to render Reports, certified by a "responsible and authorized executive officer," and to pay future royalties, late fees and accrued interest to the Plaintiff, as anticipated to be due over the remaining term of the Contract, which are expected to total over than Two Million ($2,000,000.00) Dollars (U.S.).

80.     The Plaintiff contends that she is entitled to recover actual damages and profits in an amount to be determined at trial (17 U.S.C § 504(b), *as amended*) or statutory damages (17 U.S.C. § 504(c), *as amended*), as well as her attorneys' fees and costs of suit (17 U.S.C. § 505, *as amended*), together with other federal statutes, and/or multiple, double or treble damages,

together with reasonable attorneys' fees and costs, pursuant to Massachusetts Consumer Protection Act, M.G.L. c.93A, §§ 2 & 11, *as amended*.

81.     In sum, through their misappropriation, conversion, conspiracy, fraudulent concealment, unfair and deceptive trade practices and unfair competition, and breaches, actions, omissions, policies, procedures, practices, and/or courses of conduct, the Plaintiff has suffered irreparable harm, requiring an accounting consistent with GAAP, and equitable and declaratory relief, at the Defendants' sole cost and expense. Furthermore, the Plaintiff respectfully requests that she be awarded her unpaid royalties, compensatory damages and losses, costs, interest, multiple and/or punitive damages, reasonable attorneys' fees, and any such other relief as this Honorable Court deems just and appropriate

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *et seq., as amended*)</u>
### <u>(solely as to Defendants Ceaco and Glazer)</u>

82.     The Plaintiff realleges and restates Paragraphs 1 through 81 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

83.     As all times relevant herein, the Plaintiff has owned and has had exclusive rights and privileges in certain copyrights as to Puzzlestix and the Puzzle Creations.

84.     At all times relevant herein, the Plaintiff has been, and remains, the sole and exclusive owner of all right, title and interest in and to all copyrights in Puzzlestix and the Puzzle Creations.

85.     At all times relevant herein, the Plaintiff has not authorized, and has never authorized, the Defendants to duplicate, copy, modify, or make derivative and/or subsidiary works from Puzzlestix and/or any of her Puzzle Creations.

86.     Upon information and belief and at all times relevant herein, Defendants Ceaco and Glazer have duplicated, copied and made, and/or have caused to be duplicated, copied and made, derivative and/or subsidiary works of the Plaintiff's copyrighted puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations.

87.     Upon information and belief and at all times relevant herein, Defendants Ceaco and Glazer have manufactured, published, distributed and sold, and/or have caused to be manufactured, published, distributed and sold, duplicates and copies of the Plaintiff's copyrighted puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations.

88.     By the virtue of the copyright infringement and violations of the Copyright Act of 1976, *as amended* (17 U.S.C. §§ 101, *et seq., as amended),* and the violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, Defendant Ceaco and Glazer have violated her copyrights in her puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations.

89.     By the virtue of the copyright infringement and violations of the Copyright Act of 1976, *as amended* (17 U.S.C. §§ 101, *et seq., as amended),* and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff has no adequate remedy at law for the wrongful conduct of Defendants Ceaco and Glazer in that: (i) her copyrighted products are unique invaluable property which have no readily determinable market value; (ii) the Defendants' copyright infringement constitutes an interference with the Plaintiff's goodwill, business reputation and relationships; and (iii) the Defendants' wrongful conduct, and the damages resultant to the Plaintiff therefrom, have occurred at all times relevant herein, have continued and/or are continuing.

90.     By the virtue of the copyright infringement and violations of the Copyright Act of 1976, *as amended* (17 U.S.C. §§ 101, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff is entitled to, and/or may seek and obtain, temporary, preliminary, and permanent injunctive relief pursuant to 17 U.S.C. § 502, *as amended,* and to an Order under 17 U.S.C. § 503, *as amended,* that the infringing products be impounded and destroyed.

91.     By the virtue of the copyright infringement and violations of the Copyright Act of 1976, *as amended* (17 U.S.C. §§ 101, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff is entitled to recover actual damages and profits in an amount to be determined at trial (17 U.S.C § 504(b), *as amended*) or statutory damages (17 U.S.C. § 504(c), *as amended*), as well as her attorneys' fees and costs of suit (17 U.S.C. § 505, *as amended*).

92.     As a direct and proximate cause of the copyright infringement and violations of the Copyright Act of 1976, *as amended* (17 U.S.C. §§ 101, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT II – TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1125, *et seq., as amended*)
### (solely as to Defendants Ceaco and Glazer)

93.     The Plaintiff realleges and restates Paragraphs 1 through 92 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

94.     Pursuant to federal law, a trademark is any word, term, name, symbol, or device, or any combination thereof that, when used on or in connection with the goods or services of a person, identifies a unique source of said goods.

95.     Pursuant to federal law, trademarks serve the unique purpose of identifying for consumers the source of a product or service, and may include colors, shapes, sounds, scents, and moving images, and/or combinations thereof.

96.     As all times relevant herein, the Plaintiff has owned and has had exclusive rights and privileges in and to certain trademarks, including but not limited to all of the words, terms, names, symbols and devices embodied by Puzzlestix and/or the Puzzle Creations.

97.     At all times relevant herein, the Plaintiff has been, and remains, the sole and exclusive owner of all right, title and interest in and to certain trademarks, including but not limited to all of the words, terms, names, symbols and devices embodied by Puzzlestix and/or the Puzzle Creations.

98.     At all times relevant herein, the look and design of the puzzles, facets and features of Puzzlestix and/or the Puzzle Creations, the Plaintiff's unique puzzles and puzzler products are distinctive symbols or devices owned exclusively and, which identifies, the Plaintiff as the source of the puzzle or puzzle product, and is her trademark.

99.     By virtue of the reputation and success of the Plaintiff's puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations, including all of the

words, terms, names, symbols, devices and trademarks which are distinctive features of such puzzles and puzzle products, now represent valuable goodwill which is owned by the Plaintiff.

100.    At all times relevant herein, Puzzlestix and/or the Puzzle Creations, including but not limited to all of the words, terms, names, symbols and devices embodied thereby, have met with success in the puzzle and puzzle products industry.

101.    At all times relevant herein, the Plaintiff has not authorized, and has never authorized, the Defendants to duplicate, copy, modify, or make derivative and/or subsidiary works from Puzzlestix and/or any of her Puzzle Creations.

102.    Upon information and belief and at all times relevant herein, Defendants Ceaco and Glazer have duplicated, copied and made, and/or have caused to be duplicated, copied and made, derivative and/or subsidiary works of the Plaintiff's trademarks in her puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations.

103.    Upon information and belief and at all times relevant herein, Defendants Ceaco and Glazer have manufactured, published, distributed and sold, and/or have caused to be manufactured, published, distributed and sold, duplicates and copies of the Plaintiff's trademarks in her puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations.

104.    By the virtue of the trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, Defendant Ceaco and Glazer have violated her trademarks in her puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations.

105.     By the virtue of the trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff has no adequate remedy at law for the wrongful conduct of Defendants Ceaco and Glazer in that: (i) her trademarks are unique invaluable property which have no readily determinable market value; (ii) the Defendants' trademark infringement constitutes an interference with the Plaintiff's goodwill, business reputation and relationships; and (iii) the Defendants' wrongful conduct, and the damages resultant to the Plaintiff therefrom, have occurred at all times relevant herein, have continued and/or are continuing.

106.     By the virtue of their trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the puzzle and puzzle products of Defendants Ceaco and Glazer were duplicated from the Plaintiff's unique puzzles and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations, with full knowledge that the same was used for the purpose of misleading and confusing the public.

107.     By the virtue of their trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, Defendants Ceaco's and Glazer's use of the Plaintiff's unique puzzle and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations, constitutes a false attribution and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with the Plaintiff, or to deceive consumers as to the origin, sponsorship or approval of the Defendants' puzzles and/or puzzle products in that purchasers and others are likely to believe

that the Defendants' puzzles and/or puzzle products are somehow sponsored, approved or otherwise legitimately connected with the Plaintiff.

108.    By the virtue of their trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, Defendants Ceaco's and Glazer's use of the Plaintiff's unique puzzle and puzzle products, including but not limited to Puzzlestix and/or the Puzzle Creations, misrepresents the nature, characteristics and qualities of the Defendants' puzzles and/or puzzle products and purchasers and others will believe that the Defendants' puzzles and/or puzzle products were created by the Plaintiff.

109.    Such likelihood of confusion and misrepresentations of the Defendants' puzzles and/or puzzle products constitute use of a false designation of origin, false or misleading descriptions of fact or false or misleading representations of fact, and false attribution, all in violation of Section 43(a) of the Lanham Act, *as amended* (15 U.S.C. § 1125(a), *as amended*).

110.    By the virtue of the trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff is entitled to, and/or may seek and obtain, temporary, preliminary, and permanent injunctive relief, and an Order that the infringing products be impounded and destroyed pursuant to 15 U.S.C. § 1125, *as amended*.

111.    By the virtue of the trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff is entitled

to recover actual damages and profits in an amount to be determined at trial, as well as her attorneys' fees and costs of suit.

112.    As a direct and proximate cause of the trademark infringement and violations of the Lanham Act, *as amended* (15 U.S.C. §§ 1125, *et seq., as amended),* and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT III – BREACH OF CONTRACT
### (as to all Defendants)

113.    The Plaintiff realleges and restates Paragraphs 1 through 112 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

114.    The Plaintiff and the Defendants entered into a valid and enforceable contract, as amended.

115.    Under such Contract, the Plaintiff granted Defendant Ceaco and Glazer a license "to manufacture and sell" the Products, "created in any medium and sold for any use," in "any manner," on a worldwide basis

116.    Pursuant to the Contract, "all copyright, patent, trademark" rights, in the "manufacture, sale or use of any [Product]," remained as "sole and exclusive property" of the Plaintiff.

117.     Under the Contract, Defendants Ceaco and Glazer had a duty and obligation "to secure" in the name of the Plaintiff and on her behalf, "all copyright, patent, trademark … or the like, applications and registrations, to be used in the manufacture, sale or use of any" Puzzle Creation, which shall be the Plaintiff's "sole and exclusive property."

118.     Under the Contract, Defendants Ceaco and Glazer were required to place the Legend, identifying such Puzzle Creation as "A Sandy Beram Creation."

119.     Under the Contract, the Legend was required to be "in form, style and placement reasonably satisfactory to" the Plaintiff and appear on the "front or side of the packaging for each item" of the Puzzle Creations.

120.     Under the Contract, "a comparable legend" was required to "appear on or in connection with each subsidiary rights or derivative products."

121.     Pursuant to Section 3(a) of the Contract, the Defendants agreed to pay royalties and/or the Minimum Royalty Payments to the Plaintiff "within thirty days following the end of each calendar quarter, such quarters ending March 31, June 30, September 30 and December 31."

122.     Pursuant to Section 3(c) of the Contract, the Defendants agreed that "interest … [would] accrue on all past due, and underpayment of Royalty Payments and other amounts payable … from their respective due dates until paid at the 'Default Rate' and [would] … be payable upon demand."

123.     Pursuant to Section 3(c) of the Contract, the Defendants agreed that "[a]s used in … [the Contract], the term Default Rate [would] … mean on any date of determination the lesser of (i) the sum of (x) 5% plus (y) the prime rate (or comparable rate) announced, from time to time, by Citibank, N.A., and (ii) the highest rate permitted by applicable law."

124.     Pursuant to Section 4 of the Contract, the Defendants agreed to keep "true, accurate and sufficiently detailed books of account and records in accordance with generally accepted accounting principles, consistently applied, covering all transactions" relating to the Puzzle Creations and the Plaintiff.

125.     Pursuant to Section 5 of the Contract, the Defendants agreed to deliver the Reports and provide the accounting, after the end of each calendar quarter during the term of the Contract, which would "indicat[e] … the computation of Royalty Payments and other payment for such quarter."

126.     Under the Contract, the Defendants agreed that such Reports were, and are, required to be "accompanied by a statement" of the Defendants' "responsible and authorized executive officer" who would "certify" that such officer "reviewed" such Reports and had "determined" them to be "true, correct and complete as of such dates."

127.     Pursuant to Section 16 of the Contract, the Defendants agreed that the Contract would "remain in full force and effect from the date … [of execution] until the date one hundred years following the death of Sandy Beram, unless earlier terminated…."

128.     The Contract is in full force and effect at the present time.

129.     The Defendants have refused and have failed to pay, *inter alia*, royalties, Minimum Royalties, late fees, and accrued interest, to the Plaintiff, in accordance with the terms of the Contract.

130.     The Defendants have refused and have failed to secure the copyrights, trademarks and/or the intellectual property rights of the Plaintiff.

131.    The Defendants have refused and have failed to place the Legend on the Puzzle Creations, as manufactured, marketed, distributed and sold, in the Commonwealth of Massachusetts, the State of New York, the United States and internationally.

132.    The Defendants have refused and have failed to account for sales, royalties and other financial and operational matters relating to the Puzzle Creations and the Plaintiff.

133.    The Defendants have refused and have failed to provide the Reports, accompanied by a statement and certified by a responsible and authorized executive officer.

134.    The Defendants have refused and have failed to provide an accounting, consistent with generally accepted accounting principles, or GAAP, as to, *inter alia*, the sales of the Puzzle Creations, the royalties due and owing thereon, and the financial terms of the Contract between and among the Parties.

135.    The Defendants, by their conduct as described herein, breached the Contract with the Plaintiff.

136.    As a direct and proximate cause of the breaches of the Contract and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT IV – BREACH OF IMPLED COVENANT
## OF GOOD FAITH AND FAIR DEALING
### (as to all Defendants)

137.     The Plaintiff realleges and restates Paragraphs 1 through 136 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

138.     A covenant of good faith and fair dealing was implied and existed in the business relationship between and among the Parties.

139.     The Defendants' conduct, as set forth above, constitutes a material breach of their duty to the Plaintiff of good faith and fair dealing.

140.     As a direct and proximate cause of the breaches of the implied covenant of good faith and fair dealing and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT V - ORAL CONTRACT -
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE
### (as to all Defendants)

141.     The Plaintiff realleges and restates Paragraphs 1 through 140 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

142.    By engaging in the conduct described herein, the Defendants breached their promises and assurances to the Plaintiff, upon which the Plaintiff reasonably relied, to her detriment.

143.    By engaging in the conduct described herein, the Defendants are estopped from denying their promises and assurances to the Plaintiff.

144.    As a direct and proximate cause of the breaches of oral contract and promises, by and through estoppel and detrimental reliance, and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT VI – UNJUST ENRICHMENT
### (solely as to Defendants Ceaco and Glazer)

145.    The Plaintiff realleges and restates Paragraphs 1 through 144 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

146.    Defendants   Ceaco   and   Glazer   illegally   and   improperly   converted, misappropriated, used, interfered with and obtained benefits from the copyrights, trademarks and the intellectual property of the Plaintiff, including but not limited to Puzzlestix and/or the Puzzle Creations.

147.     Defendants Ceaco and Glazer improperly and illegally manufactured, marketed, distributed and sold Puzzlestix and/or the Puzzle Creations, without any payment of royalties or making Minimum Royalty Payments, late fees and/or accrued interest to the Plaintiff.

148.     The actions, courses of conduct and omissions of Defendants Ceaco and Glazer were wantonly, intentionally and maliciously conducted against the Plaintiff, to her detriment.

149.     Defendants Ceaco and Glazer have been unjustly enriched by their actions, as described herein.

150.     As a direct and proximate cause of the unjust enrichment and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

### COUNT VII – CONVERSION
### (solely as to Defendants Ceaco and Glazer)

151.     The Plaintiff realleges and restates Paragraphs 1 through 150 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

152.     Defendants Ceaco and Glazer, through their actions and omissions as described herein, intentionally or wrongfully exercised, over the Plaintiff's assets, copyrights, trademarks and intellectual property, including but not limited to Puzzlestix and/or the Puzzle Creations, and have continued to exercise, acts of ownership, control or dominion over such assets, copyrights,

trademarks and intellectual property, including but not limited to Puzzlestix and/or the Puzzle Creations, of the Plaintiff.

153.    Defendants Ceaco and Glazer have had, and continue to have, no right of possession, custody, control and/or dominion over the assets, copyrights, trademarks and intellectual property, including but not limited to Puzzlestix and/or the Puzzle Creations, of the Plaintiff, previously at the time of such ownership, custody, control and/or dominion, at the current time, or at any time in the future.

154.    As a result of the acts and omissions described herein, Defendants Ceaco and Glazer have converted the assets, copyrights, trademarks and intellectual property, including but not limited to Puzzlestix and/or the Puzzle Creations, of the Plaintiff.

155.    As a direct and proximate cause of the conversion and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT VIII – MISAPPROPRIATION
### (solely as to Defendants Ceaco and Glazer)

156.    The Plaintiff realleges and restates Paragraphs 1 through 155 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

157.    By engaging in the conduct described herein, Defendants Ceaco and Glazer have misappropriated the assets, copyrights, trademarks and intellectual property, including but not limited to Puzzlestix and/or the Puzzle Creations, of the Plaintiff.

158.    As a direct and proximate cause of the misappropriation and violative acts, policies, practices and conduct of Defendants Ceaco and Glazer and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT IX - FRAUD AND DECEIT
### (as to all Defendants)

159.    The Plaintiff realleges and restates Paragraphs 1 through 158 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

160.    The actions of the Defendants described herein constitute fraud and deceit in that, without limitation:

a)      the Defendants made numerous misrepresentations and omissions of material fact to the Plaintiff, knowingly or with reckless disregard as to whether they were true or false;

b)      the Defendants made said misrepresentations and omissions for the purpose of inducing reliance from the Plaintiff; and

c)      the Plaintiff did rely upon said misrepresentations and omissions, to her detriment.

161.     As a direct and proximate cause of the fraud and deceit and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT X - NEGLIGENT MISREPRESENTATION
### (as to all Defendants)

162.     The Plaintiff realleges and restates Paragraphs 1 through 161 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

163.     The conduct of the Defendants as described herein constitutes negligent misrepresentation in that the Defendants negligently provided the Plaintiff with erroneous and misleading information regarding the Contract, Puzzlestix, the Puzzle Creations, the sales, royalties, books and records, as well as other relevant documents and information thereon, and upon which the Plaintiff relied, to her detriment.

164.     As a direct and proximate cause of the negligent misrepresentation and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and

goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT XI - FRAUDULENT TRANSFER / FRAUDULENT CONVEYANCE - M.G.L. c. 109A (as to all Defendants)

165.     The Plaintiff realleges and restates Paragraphs 1 through 164 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

166.     Upon information and belief, the Defendants, together with others, combined, conspired, acted in concert, and/or have organized, operated and/or utilized multiple entities, including not less than two (2) domestic Massachusetts for-profit corporations, one (1) Massachusetts Business Trust, and one (1) limited liability company identified as "Ceaco," together with one (1) "division" identified as "Brainwright," in order to fraudulently conceal and/or fraudulently transfer and/or convey property, assets and/or liabilities between and among such entities and/or the Defendants.

167.     Upon information and belief, the Defendants paid and/or provided inadequate consideration and/or less than "fair value," "fair market value," and/or "reasonably equivalent value" in their actions and omissions to assign, convey and/or transfer such property, assets and/or liabilities.

168.     Upon information and belief, by assigning, conveying and/or transferring and seeking to conceal their property and assets, the Defendants intended to assign, convey, and/or transfer such property, assets and/or liabilities in order that the same would be beyond the reach of creditors, including but not limited to the Plaintiff, and/or others.

169.     Upon information and belief, the Defendants, together with others, combined, conspired, acted in concert, and/or engaged in a conspiracy by transferring, assigning, conveying,

distributing, and/or moving such property and assets between and among the Defendants and/or others, with the intent to delay, hinder, and defraud creditors, including but not limited to the Plaintiff.

170.   Upon information and belief, the conduct of Defendants, as described herein, constitutes fraudulent transfer and/or fraudulent conveyance under M.G.L. c. 109A.

171.   As a direct and proximate cause of the fraudulent transfer and/or fraudulent conveyance and violations of the Uniform Fraudulent Transfer Act, M.G.L. c.109A, *as amended,* and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT XII -VIOLATIONS OF
## CONSUMER PROTECTION ACT/M.G.L. c.93A, §§ 2 & 11
### (as to all Defendants)

172.   The Plaintiff realleges and restates Paragraphs 1 through 171 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

173.   At all relevant times herein, the Defendants conducted a trade or business, as defined by the Massachusetts Consumer Protection Act, M.G.L. c. 93A, within the Commonwealth of Massachusetts.

174.   The conduct of the Defendants as described herein constitutes unfair and deceptive and anti-competitive trade practices, under Sections 2 and 11 of the Consumer

Protection Act, in that the Defendants:

      a)      falsely entered into a Contract and business arrangement with the Plaintiff, without any intention of performing the same;

      b)      perpetrated a fraud and deceit, seeking and attempting to cause, willfully, maliciously, and/or recklessly, the harm to the Plaintiff;

      c)      fraudulently concealed their actions, omissions and courses of conduct from the Plaintiff;

      d)      fraudulently induced the Plaintiff to rely, to her detriment, on the business relationship with the Defendants, causing damages and harm to the Plaintiff;

      e)      fraudulently induced the Plaintiff to enter into amendments of the Contracts for additional puzzles, puzzle products and Creations without any intention of performing in accordance with the Contract, thereby causing the Plaintiff to forego other business opportunities;

      f)      misused their position to exert greater economic power in unfair, deceptive and anti-competitive ways, to the detriment of the Plaintiff;

      g)      refused to honor the promises and terms of the business dealings with the Plaintiff;

      h)      refused to create and provide Reports, accompanied by statements of the Defendants' responsible and authorized executive officers, that certified the be true, correct and complete financial information provided to the Plaintiff as to the Puzzle Creations;

      i)      refused to maintain their books and records in a manner consistent with GAAP, and/or account to the Plaintiff as to sales, royalties, Minimum Royalty

Payments, late fees, accrued interest and/or otherwise, as to the Puzzle Creations; and/or

j)      provided the Plaintiff with false and misleading information, which she relied upon, to her detriment.

175.    The false statements made were in breach of the Defendants' duty to exercise due care to reasonably determine that the statements made were true and accurate at the time they were made, and that true and accurate statements were made to the Plaintiff regarding her dealings with the Defendants.

176.    As a direct and proximate cause of the unfair and deceptive trade acts and practices, and the unfair competition and violations of the Massachusetts Consumer Protection Act, M.G.L. c.93A, §§ 2 & 11, *as amended,* and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT XIII  - CIVIL CONSPIRACY
### (as to all Defendants)

177.    The Plaintiff realleges and restates Paragraphs 1 through 176 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

178.    The Defendants, together with others, including but not limited to entities and persons engaged by and/or employed by, representatives of and/or agents of, and/or associated

with the Defendants and others, combined, conspired, acted in concert, and/or engaged in a conspiracy by entering into an agreement with unlawful motives and/or means, and undertook overt acts towards the ends of such conspiracy.

179.    In order to attain the outcome of its conspiracy, the Defendants required coordination and actions to be taken in unison and/or in concert, together with joint tortious activity of the other co-conspirators, including but not limited to entities and persons engaged by and/or employed by, representatives of and/or agents of, and/or associated with the Defendants and others.

180.    The Defendants had the particular power and/or authority at their business to force, coerce, and/or encourage others, including but not limited to entities and/or persons employed by, agent(s) of, and/or associated with the Defendants and others, to participate in this conspiracy and result in the fraudulent concealment of documents and information, and by dissemination of false and fraudulent documents and information.

181.    As a direct and proximate cause of the civil conspiracy and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages, including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## COUNT XIV  - ACCOUNTING
### (as to all Defendants)

182.    The Plaintiff realleges and restates Paragraphs 1 through 181 of the Complaint above, and the Exhibits attached hereto, and incorporates them herein by reference.

183.    Under the Contract, the Defendants have a duty to provide Reports, accompanied by statements, as certified by a responsible and authorized executive officer of Defendant Ceaco as to the sales, royalties due, Minimum Royalty Payments, late fees, accrued interest and/or other operational and financial matters as to the Puzzle Creations and as relating to the business arrangement with the Plaintiff.

184.    Under the Contract, the Defendants have a duty to render an accounting to the Plaintiff, in a manner consistent with and in accordance with, generally accepted accounting principles, or GAAP.

185.    The Defendants have refused, and have failed, to provide Reports, statements and certifications as to operational and financial matters as to the Creations and as relating to the business arrangement with the Plaintiff.

186.    The Defendants have refused, and have failed, to render an accounting to the Plaintiff, in a manner consistent with and in accordance with, generally accepted accounting principles, or GAAP, or in any manner whatsoever.

187.    As a direct and proximate cause of the Defendants' refusal and failure to provide Reports, statements and certifications, and refusal and failure to render an accounting to the Plaintiff, in a manner consistent with and in accordance with, generally accepted accounting principles, or GAAP, or in any manner whatsoever, and violative acts, policies, practices and conduct of the Defendants and at all times relevant herein, the Plaintiff has suffered, and will continue to suffer, losses, damages and harm, and general, special and consequential damages,

including but not limited to loss of revenues, profits, benefits, business opportunities and reputation, and other damages, injuries and losses, and lost economic opportunity, together with substantial and irreparable damage to her business reputation and goodwill, as well as a diversion of trade and loss of profits, in an amount not yet ascertained, to her detriment and which resulted in the unjust enrichment of the Defendants.

## VI. REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant her the following relief:

A)    determine and award the Plaintiff her actual losses, together with her general, special and compensatory damages, including but not limited to royalties, Minimum Royalty Payments, late fees, accrued interest, and other damages, and as sustained by her as a result of the Defendants' violations of law, jointly and/or severally, as set out herein;

B)    determine and award the Plaintiff her actual losses, together with her general, special and compensatory damages, including but not limited to royalties, Minimum Royalty Payments, late fees, accrued interest, and other damages, and as sustained by her as a result of the Defendants' copyright infringement violations of The Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq., as amended*, of the Defendants, jointly and/or severally, as set out herein;

C)    determine and award the Plaintiff her actual losses, together with her general, special and compensatory damages, including but not limited to royalties, Minimum Royalty Payments, late fees, accrued interest, and other damages, and as sustained by her as a result of the Defendants' trademark infringement and

unfair competition, as violations of The Lanham (Trademark) Act, as amended, 15 U.S.C. §§ 1125, *et seq., as amended*, of the Defendants, jointly and/or severally, as set out herein;

D)      determine and award the Plaintiff her actual losses, together with her general, special and compensatory damages, including but not limited to royalties, Minimum Royalty Payments, late fees, accrued interest, and other damages, and as sustained by her as a result of the Defendants' unfair and deceptive trade practices, and unfair competition, as violations of the Massachusetts Consumer Protection Act, *as amended*, M.G.L. c. 93A, §§ 2 & 11, *as amended*, of the Defendants, jointly and/or severally, as set out herein;

E)      determine and award the Plaintiff her actual losses, together with her general, special and compensatory damages, including but not limited to royalties, Minimum Royalty Payments, late fees, accrued interest, and other damages, and as a result of the Defendants' violations of the Massachusetts Uniform Fraudulent Transfer Act, under M.G.L. c.109A, of the Defendants, jointly and/or severally, as set out herein;

F)      determine and award the Plaintiff her actual losses, together with her general, special and compensatory damages, including but not limited to royalties, Minimum Royalty Payments, late fees, accrued interest, and other damages, and as a result of the Defendants' breaches of such causes of action, set forth herein, including but not limited to: i) breach of contract;  ii) breach of the covenant of good faith and fair dealing; iii) breach of oral contract / promissory estoppel / detrimental reliance; iv)  unjust enrichment; v) conversion; vi) misappropriation;

vii) fraud and deceit; viii) negligent misrepresentation; ix) civil conspiracy; and/ or x) accounting, of the Defendants, jointly and/or severally, as set out herein;

G)      determine and award the Plaintiff the amount of the Defendants' unjust enrichment, conversion and misappropriation resulting from their violations of law, as set out above;

H)      award the Plaintiff her costs in bringing this action, including the filing fees, expert and witness fees, costs and expenses, and reasonable attorneys' fees;

I)      award the Plaintiff multiple or punitive damages in an amount to be determined; and/or

J)      determine that the Defendants' violations, as set out above, are willful, malicious and wanton, and award the Plaintiff multiple, double or treble damages, interest, costs and attorneys' fees, in an amount to be determined;

K)      determine and order that the Defendants fraudulently concealed their infringement, unfair, deceptive, anti-competitive and illegal actions, thereby causing the statute of limitations to be tolled pursuant to M.G.L. c. 260, § 12*, as amended*;

L)      grant and order an accounting, by a Big Four public accounting firm, in a manner consistent with, and in accordance with, generally accepted accounting principles, or GAAP;

M)      grant, order and appoint a receiver to assume control of the operations, finances, and/or any and all other matters as to Defendant Ceaco, divisions, subsidiaries, parents, and/or affiliates;

N)      grant and order that the Defendants secure the patent rights related to Puzzlestix and each and every Puzzle Creation, and to challenge any pending patent application by Manvel and/or Sarkis Simonyan, and/or any third-party, at the Defendants' sole cost and expense;

O)      grant and order that the Defendants impound and/or destroy any and all puzzles and/or puzzle products, as manufactured, marketed, distributed and/or sold by the Defendants, which are determined to infringe upon the Plaintiff's copyrights, trademarks, proprietary rights and/or intellectual property;

P)      determine and award the Plaintiff declaratory relief and judgment that, for the remaining term of the Contract, the Defendants are ordered to pay all future royalties, Minimum Royalties, late fees and accrued interest, and maintain true, accurate and sufficiently detailed books of account and records in accordance with generally accepted accounting principles, or GAAP, consistently applied, covering all transactions" relating to the Puzzle Creations, and provide and deliver Reports, by statements, certified by a responsible and authorized executive officer of the Defendants, that such Reports are true, correct and complete;

Q)      grant, order, restrain and enjoin the Defendants, temporarily, preliminarily and permanently, and grant the Plaintiffs such equitable relief, as may be just and proper; and/or

R)      any additional relief which this Honorable Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully Submitted,
PLAINTIFF, Sandy Beram

By her Attorneys,


___/s/  *Philip M. Giordano*_____
Philip M. Giordano, Esq. (BBO No. 193530)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
47 Winter Street, Suite 800
Boston, Massachusetts 02108-4774
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Dated:  March 23, 2016          Email:  pgiordano@reedgiordano.com